NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 20, 2008[*]
Decided February 22, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2318

| | |
|---|---|
| EARL STANFORD WORTHINGTON, <br> *Plaintiff-Appellant,* <br><br> *v.* <br><br> ADVOCATE HEALTH CARE <br> CORPORATION d.b.a. BETHANY <br> HOSPITAL, <br> *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 02 C 8994 <br><br> Harry D. Leinenweber, <br> *Judge*. |

**O R D E R**

Earl Worthington sued his former employer, Advocate Health Care, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, claiming race discrimination and retaliation.  More than two years after the district court dismissed the suit, Worthington moved to vacate the judgment.  *See* FED. R. CIV. P.  60(b).  He appeals from the denial of that motion.  We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

The district court dismissed the underlying suit in September 2004 after the parties reached a tentative settlement.  The court authorized Worthington to seek reinstatement by the end of October if the agreement fell through, but before the deadline passed Worthington had executed the written agreement and received the $25,000 promised him.  Then in November, after his lawyer had withdrawn, Worthington informed Advocate that he was "revoking" the settlement agreement primarily because, he said, the district court had ruled before dismissing the suit that he was owed more.  (The court had not.)  Worthington, however, did not return the settlement proceeds and, to date, has not offered to relinquish the funds.  Nor did he file anything with the district court for the next two and one-half years.  Instead, he repeatedly contacted Advocate's lawyers and demanded more money.  (Worthington insists that an Advocate executive promised him $2.5 million.)  After a year of receiving these demands, Advocate filed suit in Illinois state court seeking to enforce the settlement agreement and enjoin Worthington's harrassment.  Worthington missed several hearings, but when a body attachment finally compelled his appearance, he promised to stop contacting Advocate.  Based upon that representation, the state court dismissed Advocate's suit in March 2007.

A month later, in April 2007, Worthington moved under Federal Rule of Civil Procedure 60(b) to vacate the 2004 judgment.  He asserted, among other things, that the state court had declared the settlement agreement invalid and he himself had revoked it, and thus the judgment is void.  *See* FED R. CIV. P. 60(b)(4).  Worthington also argued that Advocate's unwillingness to repudiate the settlement constituted an extraordinary circumstance meriting relief from the judgment.  *See* FED. R. CIV. P. 60(b)(6).  The district court denied Worthington's motion.   He filed a motion to reconsider within ten days of the entry of that decision, and the district court denied that as well.

 This appeal is frivolous.  Worthington presses his contention that the September 2004 judgment should have been vacated under Rule 60(b)(4) because, he says, he revoked the settlement agreement and the Illinois court invalidated it.  Neither is true.  A person may not get out of a binding agreement just because he has changed his mind.  And the state court dismissed Advocate's suit solely because Worthington promised to stop contacting Advocate.  In any event, neither contention, even if true, would tend to demonstrate that the judgment is void.  Worthington also continues to maintain that he presented truly extraordinary circumstances meriting relief under Rule 60(b)(6), *see Gonzalez v. Crosby,* 545 U.S. 524, 536 (2005)*; Lowe v. McGraw-Hill Vos., Inc.,* 361 F.3d 335, 342 (7th Cir. 2004), because Advocate's representatives refused to correspond with him about the settlement agreement after the company cut the checks.  But there is nothing extraordinary about that.

AFFIRMED.